AMANDA L. MORGAN (SBN 246277)
amanda.morgan@us.dlapiper.com
**DLA PIPER LLP (US)**
555 Mission St., Suite 2400
San Francisco, CA 94105
Tel.: (415) 615-6058 | Fax: (415) 659-7358

CARYN G. SCHECHTMAN (*Pro Hac Vice forthcoming*)
caryn.schechtman@us.dlapiper.com
**DLA PIPER LLP (US)**
1251 Avenue of the Americas, 27th Floor
New York, NY 10020
Tel.: (212) 335-4500 | Fax: (212) 335-4501

*Attorneys for Defendant*
*Trump Media & Technology Group Corp.*

[*Additional counsel on next page*]

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**

THE PEOPLE OF THE STATE OF CALIFORNIA, acting by and through San Francisco City Attorney DAVID CHIU,

Plaintiff,

vs.

TRUMP MEDIA & TECHNOLOGY GROUP CORP., DOES 1-100,

Defendants.

Case No.:

Superior Court No.: CGC-26-641192

**DEFENDANT TRUMP MEDIA & TECHNOLOGY GROUP CORP.'S NOTICE OF REMOVAL OF ACTION PURSUANT TO 28 U.S.C. §§ 1331, 1441, AND 1446**

[Filed concurrently with Declaration of Amanda L. Morgan; Civil L.R. 3-15 Certification; and FRCP 7.1 Corporate Disclosure Statement]

Complaint Filed: September 21, 2026

ERIC FORNI (*Pro Hac Vice forthcoming*)
eric.forni@us.dlapiper.com
**DLA PIPER LLP (US)**
33 Arch Street, 26th Floor
Boston, MA 02110
Tel.: (617) 406-6000

RACHEL A.H. HORTON (*Pro Hac Vice forthcoming*)
rachel.horton@us.dlapiper.com
MICHAEL GNIWISCH (SBN 348762)
michael.gniwisch@us.dlapiper.com
**DLA PIPER LLP (US)**
1650 Market St., Suite 500
Philadelphia, PA 19103
Tel.: (215) 656-3300

NOORVIK MINASIAN (SBN 332883)
noorvik.minasian@us.dlapiper.com
**DLA PIPER LLP (US)**
2000 Avenue of the Stars, Suite 400
Los Angeles, CA 90067
Tel.: (310) 595-3000

SETH BILLINGSLEY (*Pro Hac Vice forthcoming*)
seth.billingsley@us.dlapiper.com
**DLA PIPER LLP (US)**
1900 N. Pearl Street, Suite 2200
Dallas, TX 75201
Tel.: (214) 743-4536

JOSH HALPERN (*Pro Hac Vice forthcoming*)
jhalpern@jhlegalpllc.com
**JH Legal PLLC**
1100 H Street NW, Suite 840
Washington, DC 20005
Tel.: (610) 405-5531

*Attorneys for Defendant*
*Trump Media & Technology Group Corp.*

## NOTICE OF REMOVAL OF CIVIL ACTION

**TO THE CLERK OF THE ABOVE-ENTITLED COURT AND PLAINTIFF THE PEOPLE OF THE STATE OF CALIFORNIA ACTING BY AND THROUGH SAN FRANCISCO CITY ATTORNEY DAVID CHIU:**

**PLEASE TAKE NOTICE** that Trump Media & Technology Group Corp. ("TMTG") hereby removes the state court action described herein, filed by Plaintiff The People of the State of California Acting By and Through San Francisco City Attorney David Chiu ("Plaintiff") in the Superior Court of the State of California, County of San Francisco (the "Superior Court"), to the United States District Court for the Northern District of California, pursuant to 28 U.S.C. §§ 1331, 1441, and 1446. TMTG makes the following allegations in support of its Notice of Removal:

## I. STATEMENT OF JURISDICTION

1. This Court has original jurisdiction over this action under 28 U.S.C. § 1331, which confers original jurisdiction on the federal district courts "of all civil actions arising under the Constitution, laws, or treaties of the United States." As set forth in Section V below, this action arises under federal law and therefore TMTG may remove it to this Court pursuant to 28 U.S.C. § 1441(a). Removal is procedurally proper under 28 U.S.C. § 1446, as set forth below.

## II. VENUE

2. Plaintiff originally brought this action in the Superior Court of the State of California, County of San Francisco. The Northern District of California is the district embracing the place where the action is pending. Therefore, removal to this Court is proper and venue lies in the Northern District of California pursuant to 28 U.S.C. §§ 84(a), 1441(a), and 1446(a).

3. Pursuant to Civil L.R. 3-2(c) and (d), assignment to the San Francisco or Oakland Division is appropriate because the action arose in, and was removed from, the City and County of San Francisco.

## III. PLEADINGS, PROCESS, AND ORDERS

4. On September 21, 2026, Plaintiff filed a Complaint against TMTG and Does 1-100 in the Superior Court of the State of California, County of San Francisco, titled *The People of the State of California, acting by and through San Francisco City Attorney David Chiu v. Trump Media*

*& Technology Group Corp., et al.*, Case No. CGC-26-641192 (the "Complaint"). The Complaint asserts a single cause of action under California's Unfair Competition Law ("UCL"), Cal. Bus. & Prof. Code § 17200 *et seq.*, and seeks injunctive relief, civil penalties under Cal. Bus. & Prof. Code § 17206, and costs. A true and correct copy of the Complaint is attached as Exhibit A to the Declaration of Amanda L. Morgan ("Morgan Decl."), filed concurrently herewith. (Morgan Decl. ¶¶ 4-5, Ex. A.)

5. On September 21, 2026, Plaintiff filed a Civil Case Cover Sheet in which it designated the action as complex and requested assignment to complex litigation, and the Superior Court issued a Notice to Plaintiff. (*Id.* ¶ 6.) Thereafter, on October 8, 2026, Plaintiff filed a Notice of Application and Application for Complex Designation, which the Superior Court granted on October 26, 2026. (*Id.*) The action has been assigned to the Complex Litigation Department 613, and an initial case management conference is scheduled for December 14, 2026. (*Id.*)

6. Plaintiff served TMTG with the Summons and Complaint on October 20, 2026. (Morgan Decl. ¶ 9.)

7. True and correct copies of all other papers filed in the Superior Court action are attached as Exhibit B to the Morgan Declaration. (Morgan Decl. ¶ 7, Ex. B.) A true and correct copy of the Superior Court docket is attached as Exhibit C to the Morgan Declaration. (Morgan Decl. ¶ 8, Ex. C.)

8. Although 28 U.S.C. § 1446(a) requires a removing defendant to file only those process, pleadings, and orders "served upon such defendant," TMTG attaches copies of all papers filed in the Superior Court action out of an abundance of caution. (Morgan Decl. ¶¶ 5, 7-8, Exs. A-C.)

9. To TMTG's knowledge, no further process, pleadings, or orders related to this case have been filed in the Superior Court or served by any party other than as described above, and no proceedings related hereto have been heard in the San Francisco County Superior Court. (Morgan Decl. ¶ 11.)

## IV. TIMELINESS OF REMOVAL

10. A notice of removal "shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based." 28 U.S.C. § 1446(b)(1). The thirty-day removal period is triggered only by formal service of process, not by a defendant's mere receipt of the complaint unattended by formal service. *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 347-48 (1999).

11. Removal of this action is timely. Service was executed on October 20, 2026. (Morgan Decl. ¶ 9.) TMTG thus timely removes this action on November 18, 2026.

12. No consent of any other defendant is required. Under 28 U.S.C. § 1446(b)(2)(A), only defendants "who have been properly joined and served must join in or consent to the removal of the action." TMTG is the only named defendant in this action, and no other defendant has otherwise been served. (Morgan Decl. ¶ 10.) Fictitiously named "Doe" defendants need not join in a notice of removal. *See Fristoe v. Reynolds Metals Co.*, 615 F.2d 1209, 1213 (9th Cir. 1980) (unknown Doe defendants need not join in removal petition); *Destfino v. Reiswig*, 630 F.3d 952, 957 (9th Cir. 2011) (non-joinder of unserved defendants did not render removal defective).

## V. FEDERAL QUESTION JURISDICTION

13. Plaintiff employs the UCL as the vehicle to assert its allegations. The UCL prohibits "unfair competition," which it defines to "mean and include any unlawful, unfair or fraudulent business act or practice." Cal. Bus. & Prof. Code § 17200; *see Capito v. San Jose Healthcare Sys., LP*, 17 Cal. 5th 273, 284 (2024) (noting that the UCL "establishes three varieties of unfair competition—acts or practices which are unlawful, or unfair, or fraudulent"). Here, Plaintiff advances theories of unlawful and unfair conduct, both predicated on federal law.

14. "The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331.

15. "The presence or absence of federal-question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Caterpillar Inc. v. Williams*,

482 U.S. 386, 392 (1987).

16. "[F]ederal jurisdiction over a state law claim will lie if a federal issue is: (1) necessarily raised, (2) actually disputed, (3) substantial, and (4) capable of resolution in federal court without disrupting the federal-state balance approved by Congress. Where all four of these requirements are met . . . jurisdiction is proper." *Gunn v. Minton*, 568 U.S. 251, 258 (2013). Each factor is met here.

17. First, Plaintiff's Complaint necessarily raises federal issues, satisfying the first *Gunn* factor. The Complaint presents federal questions by alleging that TMTG aided and abetted President Trump in violating federal ethics laws, and that TMTG independently breached the federal securities laws. Thus, Plaintiff's theory of standing and substantive liability turns on questions of federal securities law. *See Wullschleger v. Royal Canin U.S.A., Inc.*, 953 F.3d 519, 521 (8th Cir. 2020). ("Plaintiff['s] dependence on federal law permeates the allegations such that" its claim "cannot be adjudicated without reliance on and explication of federal law.").

18. Specifically, Plaintiff's Complaint alleges that TMTG "aid[ed], abet[ed], facilitat[ed], and substantially assist[ed] and encourag[ed] violations of federal ethics and anti-corruption law—namely, Section 9(a) of the STOCK Act," Pub. L. No. 112-105, § 9(a), 126 Stat. 291 (2012). (Morgan Decl. ¶ 5, Ex. A ¶ 50.) Plaintiff further alleges that President Trump, who is not a party to this action, "use[d] nonpublic information derived from [his] position as an executive branch employee or gained from the performance of [his] official responsibilities as a means for making a private profit." (*Id.* ¶¶ 51-53.)

19. Plaintiff also alleges that TMTG independently "violat[ed] insider trading laws, including Section 10(b) of the Securities Exchange Act of 1934, 15 U.S.C. § 78j(b), Rule 10b-5 thereunder, 17 C.F.R. § 240.10b-5, 18 U.S.C. § 2, 15 U.S.C. § 78u-1(h)(1), and 18 U.S.C. § 371." (*Id.* ¶ 55.)

20. Second, TMTG disputes Plaintiff's claims, satisfying the second *Gunn* factor.

21. Third, the issues raised in the Complaint hold substantial weight and significance to the federal-state balance, satisfying the third *Gunn* factor. A substantial federal question is important "to the federal system as a whole." *Hornish v. King Cnty.*, 899 F.3d 680, 690 (9th Cir.

2018) (quoting *Gunn*, 568 U.S. at 260). Here, Plaintiff asks the court to apply the STOCK Act to the President's conduct—a question of first impression—implicating official immunities doctrines and important federal questions. *Cf. Municipality of Mayagüez v. Corporación para el Desarrollo del Oeste*, 726 F.3d 8, 15 (1st Cir. 2013) ("[A] federal issue is more likely to be substantial where a claim between two private parties, though based in state law, directly challenges the propriety of action taken by 'a federal department, agency, or service.'"); *Trump v. United States*, 603 U.S. 593, 610 (2024) ("The President occupies a unique position in the constitutional scheme, as the only person who alone composes a branch of government." (cleaned up)). Plaintiff's theory also requires the court to determine whether TMTG or the sitting President violated the federal securities laws, which implicates federal jurisdiction. *See* 15 U.S.C. § 78aa(a). The answers to these critical federal questions thus "sensibly belong[] in a federal court." *Hornish*, 899 F.3d at 691.

22. Finally, federal jurisdiction here will not disrupt the balance Congress struck between federal and state courts, satisfying the fourth *Gunn* factor. The ethical obligations of federal executive branch officials under federal statutes are federal concerns for federal courts. *See Mayagüez*, 726 F.3d at 15; *see also Clinton v. Jones*, 520 U.S. 681, 691 n.13 (1997) (state court control over the President may implicate the Supremacy Clause).

23. Accordingly, because Plaintiff's claims—including standing and the merits—necessarily depend on alleged violations of the STOCK Act and federal securities statutes, this action arises under federal law within the meaning of 28 U.S.C. § 1331 and is removable under 28 U.S.C. § 1441(a). *See Rosenman v. Facebook Inc.*, No. 21-CV-02108-LHK, 2021 WL 3829549, at *4 (N.D. Cal. Aug. 27, 2021) (UCL claim predicated on federal statutes is removable). To the extent the Complaint asserts any claim not independently within the Court's original jurisdiction, the Court has supplemental jurisdiction over it under 28 U.S.C. § 1367(a), because each such claim arises from the same alleged conduct and forms part of the same case or controversy. Because Plaintiff cannot recover or demonstrate liability without reference to federal law, this action belongs in federal court.

## VI. NOTICE TO STATE COURT AND ADVERSE PARTY

24. Following the filing of this Notice of Removal in the United States District Court

for the Northern District of California, written notice of such filing will be given by the undersigned to Plaintiff, and a copy of the Notice of Removal will be filed with the Clerk of the San Francisco County Superior Court in accordance with 28 U.S.C. § 1446(d).

WHEREFORE, TMTG hereby removes this action from the Superior Court of the State of California, County of San Francisco, to the United States District Court for the Northern District of California.

Dated: November 18, 2026

Respectfully submitted,

**DLA PIPER LLP (US)**

By: */s/ Amanda L. Morgan*
AMANDA L. MORGAN

*Attorney for Defendant*
*TRUMP MEDIA & TECHNOLOGY GROUP CORP.*