**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**

THE PEOPLE OF THE STATE OF CALIFORNIA, acting by and through San Francisco City Attorney DAVID CHIU,

Plaintiff,

vs.

TRUMP MEDIA & TECHNOLOGY GROUP CORP., DOES 1-100,

Defendants.

Case No.: 26-CV-14132

Superior Court No.: CGC-26-641192

[PROPOSED] ORDER GRANTING TRUMP MEDIA & TECHNOLOGY GROUP CORP.'S MOTION TO DISMISS COMPLAINT AND, IN THE ALTERNATIVE, TRANSFER VENUE PURSUANT TO 28 U.S.C. § 1404

Judge: Hon. Peter H. Kang
Courtroom: F, 15th Floor (San Francisco)
Date: TBD upon reassignment
Time: TBD upon reassignment
Complaint Filed: September 21, 2026

**[PROPOSED] ORDER**

Upon consideration of Defendant Trump Media & Technology Group Corp.'s ("TMTG") Motion to Dismiss Plaintiff's Complaint (the "Motion"), the Court finds that the Complaint fails to state any claims against TMTG and is hereby **DISMISSED WITH PREJUDICE**.

First, TMTG, as a social media platform, is immunized by 47 U.S.C. § 230. Plaintiff's claim would make TMTG liable for content made by others. *Barnes v. Yahoo!, Inc.*, 570 F.3d 1096, 1101–03 (9th Cir. 2009).

Second, Plaintiff's Unfair Competition Law ("UCL") claim does not apply to securities transactions. *See Bowen v. Ziasun Techs., Inc.*, 116 Cal. App. 4th 777, 786–88 (2004). Each of Plaintiff's UCL theories rests upon allegations of securities fraud. The UCL does not reach these allegations.

Third, Plaintiff's securities fraud allegations fail as a matter of law. Plaintiff fails to plead the necessary elements to sustain these allegations, including scienter. *See United States v. O'Hagan*, 521 U.S. 642, 652–55 (1997).

Fourth, the 50-millisecond delay alleged by Plaintiff cannot constitute securities fraud. The Complaint identifies no confidential tip, no advance copy, and no agreement to deceive. *See id.*

Fifth, Plaintiff's unfair prong theory relies on the same conduct as its unlawful prong theory. Because the unlawful prong theory fails as a matter of law, so too does the unfair prong theory. *Hicks v. PGA Tour, Inc.*, 165 F. Supp. 3d 898, 911 (N.D. Cal. 2016), *aff'd in relevant part*, 897 F.3d 1109 (9th Cir. 2018); *see also Bowen*, 116 Cal. App. 4th at 786–88.

**IT IS HEREBY ORDERED** that:

1. TMTG's Request for Judicial Notice is **GRANTED**. The Court takes judicial notice of Exhibit A attached to the Declaration of Amanda L. Morgan because it is noticeable pursuant to the incorporation by reference doctrine.

2. TMTG's Motion to Dismiss is **GRANTED**. The above-captioned action is hereby dismissed in its entirety without leave to amend. The Clerk is directed to close the file in this matter.

3. TMTG's Motion to Transfer, in the alternative, is **DENIED** as moot.

**IT IS SO ORDERED.**

Dated: ________________

________________________________

Hon. Peter H. Kang
UNITED STATES MAGISTRATE JUDGE