AMANDA L. MORGAN (SBN 246277)
amanda.morgan@us.dlapiper.com
**DLA PIPER LLP (US)**
555 Mission St., Suite 2400
San Francisco, CA 94105
Tel.: (415) 615-6058 | Fax: (415) 659-7358

CARYN G. SCHECHTMAN (*Pro Hac Vice forthcoming*)
caryn.schechtman@us.dlapiper.com
**DLA PIPER LLP (US)**
1251 Avenue of the Americas, 27th Floor
New York, NY 10020
Tel.: (212) 335-4500 | Fax: (212) 335-4501

*Attorneys for Defendant*
*Trump Media & Technology Group Corp.*

[*Additional counsel on next page*]

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**

THE PEOPLE OF THE STATE OF CALIFORNIA, acting by and through San Francisco City Attorney DAVID CHIU,

Plaintiff,

vs.

TRUMP MEDIA & TECHNOLOGY GROUP CORP., DOES 1-100,

Defendants.

Case No.: 3:26-cv-14132

REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF DEFENDANT TRUMP MEDIA & TECHNOLOGY GROUP CORP.'S MOTION TO DISMISS COMPLAINT PURSUANT TO RULE 12(B)(6) AND, IN THE ALTERNATIVE, TRANSFER VENUE PURSUANT TO 28 U.S.C. § 1404

Judge: Hon. Peter H. Kang
Courtroom: F, 15th Floor (San Francisco)
Date: TBD upon reassignment
Time: TBD upon reassignment

Complaint Filed: September 21, 2026

ERIC FORNI (*Pro Hac Vice forthcoming*)
eric.forni@us.dlapiper.com
**DLA PIPER LLP (US)**
33 Arch Street, 26th Floor
Boston, MA 02110
Tel.: (617) 406-6000

RACHEL A.H. HORTON (*Pro Hac Vice forthcoming*)
rachel.horton@us.dlapiper.com
MICHAEL GNIWISCH (SBN 348762) (*Pro Hac Vice forthcoming*)
michael.gniwisch@us.dlapiper.com
**DLA PIPER LLP (US)**
1650 Market St., Suite 500
Philadelphia, PA 19103
Tel.: (215) 656-3300

NOORVIK MINASIAN (SBN 332883)
noorvik.minasian@us.dlapiper.com
**DLA PIPER LLP (US)**
2000 Avenue of the Stars, Suite 400
Los Angeles, CA 90067
Tel.: (310) 595-3000

SETH BILLINGSLEY (*Pro Hac Vice forthcoming*)
seth.billingsley@us.dlapiper.com
**DLA PIPER LLP (US)**
1900 N. Pearl Street, Suite 2200
Dallas, TX 75201
Tel.: (214) 743-4536

JOSH HALPERN (*Pro Hac Vice forthcoming*)
jhalpern@jhlegalpllc.com
**JH Legal PLLC**
1100 H Street NW, Suite 840
Washington, DC 20005
Tel.: (610) 405-5531

*Attorneys for Defendant*
*Trump Media & Technology Group Corp.*

Pursuant to Federal Rule of Evidence 201(b), Defendant Trump Media & Technology Group, Corp. ("TMTG") requests that the Court take judicial notice of the following document cited in the Memorandum of Law in support of its Motion to Dismiss Plaintiff's Complaint. TMTG's request is supported by the accompanying Declaration of Amanda L. Morgan ("Morgan Decl.").

Courts may take judicial notice of facts that "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b)(2). Judicial notice of a document is proper under the incorporation by reference doctrine even if the document is not attached to the complaint. Courts should "consider evidence on which the complaint 'necessarily relies' if: (1) the complaint refers to the document; (2) the document is central to the plaintiff's claim; and (3) no party questions the authenticity of the copy attached to the 12(b)(6) motion." *Marder v. Lopez*, 450 F.3d 445, 448 (9th Cir. 2006).

Here, Plaintiff cites to and quotes from a CNBC interview with interim TMTG CEO Kevin McGurn on August 24, 2026. That interview can be found on the public website of the Securities and Exchange Commission. A true and correct copy of the interview is attached as **Exhibit A** to the Morgan Declaration. This interview supplies the basis for Plaintiff's "50 millisecond advantage" allegation. *See* Compl. ¶ 31. Mr. McGurn explains:

> We give a 50-millisecond advantage in that post, but that's the internet delivery. All posts go out in real time. As soon as the president posts, or any of our other creators post, it's public information. It goes out on the internet, and if it's machine-readable, machines are faster than people—that's why that little latency occurs.

Ex. A at 2. Judicial notice is appropriate because the document is central to Plaintiff's claim. *Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 1002 (9th Cir. 2018); *Daniels-Hall v. Nat'l Educ. Ass'n*, 629 F.3d 992, 998 (9th Cir. 2010) ("Plaintiffs quoted [the document] in their Complaint and provided the web address where [it] could be found online. Plaintiffs thereby

incorporated [the document] into the Complaint by reference.”).

Further, there can be no dispute about the authenticity of this document. Federal courts regularly take judicial notice of “[d]ocuments published on government-run websites . . . given their reliability.” *Eidmann v. Walgreen Co.*, 522 F. Supp. 3d 634, 642 (N.D. Cal. 2021). Here, the court should take judicial notice of **Exhibit A** because it is a publicly available document whose accuracy is not in question.

In conclusion, TMTG requests that the Court take judicial notice of **Exhibit A** pursuant to Federal Rule of Evidence 201(b) because Plaintiff’s complaint quotes from **Exhibit A**, the document is central to Plaintiff’s claim, and because there is no dispute about the authenticity of the document.

Dated: November 25, 2026

**DLA PIPER LLP (US)**

By: *<u>/s/ Amanda L. Morgan</u>*
AMANDA L. MORGAN
Attorneys for Defendant
TRUMP MEDIA &
TECHNOLOGY GROUP CORP.